UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DANDREE BLACK,

        Plaintiff,

v.

AMY E. HOUTZ,

        Defendant.
_____/

Case No. 1:19-cv-610

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I.     **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Lakeland Correctional

Facility (LCF) in Coldwater, Branch County, Michigan. Plaintiff sues Defendant Assistant Resident Unit Manager Amy E. Houtz.

Plaintiff alleges that on December 12, 2018, he received a case management order and notice of a telephone settlement conference in Case No. 1:16-cv-585. The settlement conference was scheduled before United States Magistrate Judge Ellen S. Carmody on February 22, 2019, at 1400 hours. Plaintiff was to attend the conference in the designated area at LCF, however Defendant Houtz made a change in the arrangement so the conference would be held in Defendant Houtz's office. Prior to the beginning of the teleconference, Plaintiff asked Defendant Houtz if she could excuse herself from the room during the conference. Defendant Houtz became angry and stated:

> I told you back in November that I was not going to be assisting you or whoever this Amy Harwath [Plaintiff's attorney in Case No. 1:16-cv-585] is with any type of civil litigation or permitting anything else against any of my fellow officials. So since it seems that I keep on getting involve[d] in your issues I could really care less about violating your confidential communication with your attorney or the courts and I am going to fix this problem very shortly.

(ECF No. 1, PageID.7.) Defendant Houtz did in fact stay during the settlement conference. Four days later, Defendant Houtz submitted a "fraudulent" security classification review screen on Plaintiff, setting in motion a retaliatory transfer to another prison. Plaintiff seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Retaliation

Plaintiff claims that Defendant Houtz retaliated against him for his lawsuit when he asked her to leave the office during his settlement conference. Retaliation based upon a

3

prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's action in filing a lawsuit is protected conduct for purposes of a retaliation claim. *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). However, Plaintiff fails to meet the second prong in *Thaddeus-X* because he does not allege facts showing that an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct.

As noted above, Plaintiff alleges that he was subjected to a "fraudulent" security classification review which resulted in his transfer to another prison. The Court notes that a transfer can be an adverse action. *See Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010) (holding that transfer to administrative segregation or another prison's lock-down unit or can be sufficient to constitute adverse action). The *Hill* court held that transfer to a lock-down unit at another facility is more than just a transfer, and is more akin to the transfer in *Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005), in which the consequence of transfer would affect the prisoner's ability to pay his lawyer, thereby affecting his access to the courts.

Plaintiff does not allege that his transfer was to an administrative segregation or lock-down unit. Nor does Plaintiff show that the transfer caused Plaintiff to lose a job or that it

4

interfered with his ability to access the courts. Although Plaintiff does not allege facts showing that his security classification was altered as a result of Defendant Houtz's actions, a review of the MDOC Offender Tracking Information System shows that Plaintiff's security classification is currently a level I. http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=193803. At the time of the alleged misconduct by Defendant Houtz, Plaintiff was confined at LCF, which is a level II facility. https://www.michigan.gov/corrections/0,4551,7-119-68854_1381_1385-5371--,00.html. Therefore, Plaintiff's security classification actually improved following Defendant Houtz's actions. Because Plaintiff has failed to allege that Defendant Houtz took an adverse action against him, his retaliation claim is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   October 30, 2019          /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge